Alan J. Leiman (OSB No. 980746)
alan@leimanlaw.com
Leiman Law, P.C.
PO Box 5383
Eugene, OR  97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
EUGENE DIVISION

| | |
|---|---|
| **ASHLEY SHABAZZ,** individually,<br><br>Plaintiff,<br><br>     v.<br><br>**SHARI'S MANAGEMENT CORPORATION,** a Delaware corporation,<br><br>Defendant. | **CASE NO**.:  6:22-cv-1156-<br><br>**FLSA MINIMUM WAGE AND OVERTIME COMPLAINT**; **OREGON WAGE AND HOUR LAWS**<br>Fair Labor Standards Act 29 U.S.C. § 201 *et. seq*.; Oregon Wage and Hour Laws (ORS 652)<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff, ASHLEY SHABAZZ ("Plaintiff"), brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendant, SHARI'S MANAGEMENT CORPORATION ("Defendant" or "Shari's"). Plaintiff makes her allegations based upon personal knowledge, information, and belief.

**INTRODUCTION**

1. Plaintiff brings this action seeking to recover against Defendant for Defendant's violation of the Fair Labor Standards Act, as amended  (the "FLSA"), 29 U.S.C. §201 et. seq. and Oregon Wage and Hour Laws  (ORS Chap. 652).

2. Beginning in June 2018, Plaintiff was required to regularly work in excess of forty (40) hours per week at Defendant's restaurants, and Defendant did not provide overtime compensation

1 – Complaint

as required by the FLSA and Oregon Wage and Hour Laws during most of the time Plaintiff was employed by Defendant.

3. Plaintiff routinely worked over 40 hours in a seven-day workweek during the entire term of her employment, which ended when Plaintiff voluntarily separated and ceased working for Defendant in April 2022.

4. Plaintiff brings this action against Defendant to recover unpaid overtime pay under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*.

5. Plaintiff also brings this action to recover overtime wages and penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

6. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendant's willful failure to pay wages, including overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws.

7. Plaintiff demands a jury trial on all issues that may be tried to a jury.

8. This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq*.

## JURISDICTION AND VENUE

9. Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*.; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce. Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

10. Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because the events giving rise to this complaint occurred in the District of Oregon.

## PARTIES

11. Plaintiff Ashley Shabazz was employed by Defendant in Lane County, Oregon, from on or around June 2018 until April 2022.

12. Defendant Shari's Management Corporation is a Delaware corporation with headquarters in Washington County, Oregon.

13. Defendant Shari's is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

14. At all material times, Defendant Shari's has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross receipts from Defendant's operation of Shari's, was in excess of $500,000 per annum at all times material hereto. Alternatively, because at all times material hereto Shari's routinely provided goods and services to individuals traveling in interstate commerce, Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

15. At all material times, Defendant Shari's was an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). The Defendant directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling all employment terms and conditions of Plaintiff.

## FACTS

16. From on or around June 2018 until May 2020 Plaintiff was employed by Defendant full-time as a restaurant worker in Eugene, Oregon with the title "Assistant General Manager", performing duties in furtherance of Defendant's business, including, but not limited to, food preparation, cleaning, dishwashing, and cash register duties.

17. Between May 2020 and May 2021 Plaintiff was employed by Defendant full-time as a restaurant worker in Springfield, Oregon with the title "Acting General Manager", on the same salary, employment terms, and conditions as she had been working under as an Assistant General Manager, and she continued performing duties in furtherance of Defendant's business, including, but not limited to, food preparation, cleaning, dishwashing, and cash register duties.

18. During the time that Plaintiff worked as an Assistant General Manager at Defendant's Eugene restaurant from on or around June 2018 until May 2020 Defendant classified Plaintiff as "exempt"; refusing to pay Plaintiff overtime for the hours that she worked in a work week in excess of forty (40) hours.

19. During the time that Plaintiff worked as an Assistant Manager at Shari's in Eugene the restaurant struggled with staffing and Plaintiff routinely performed the same duties as the employees she was allegedly supervising including food preparation, cleaning, dishwashing, and cash register duties.

20. When Defendant transferred Plaintiff to its Springfield restaurant in May 2020 at the height of the COVID-19 pandemic, it gave her the title of Acting General Manager but continued her employment on the same terms and conditions as she had been working under at the Eugene location.

21. For approximately one-year after Plaintiff started working at the Springfield location, Defendant told Plaintiff that her promotion to General Manager was awaiting the results of a background check.

22. Defendant continued to pay Plaintiff as an Assistant General Manager while Plaintiff continued to work as an Acting General Manager until May 2021.

4 – Complaint

23. During the approximately one-year time that Plaintiff worked as the Acting General Manager at Shari's in Springfield under the terms and conditions of her previous Assistant General Manager position, the restaurant was chronically understaffed and Plaintiff routinely performed the same duties as the employees she was allegedly supervising including food preparation, cleaning, dishwashing, and cash register duties.

24. Plaintiff was generally paid the same amount each week regardless of the number of hours she worked.

25. Plaintiff routinely worked five (5) to six (6) days per week during the time she was employed by Defendant.

26. Plaintiff routinely worked approximately seventy (70) to eighty (80) hours per week during the term of her employment.

27. Defendant did not keep track of the hours that Plaintiff was working when Plaintiff was working as an Assistant General Manager, or as an Acting General Manager.

28. Plaintiff was not paid time and one-half for the hours she worked over forty in a workweek when she was working for Defendant as an Assistant General Manager, or as an Acting General Manager.

29. Defendant owes Plaintiff unpaid overtime wages, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

30. Plaintiff has retained the law firm of Leiman Law, P.C. to represent her, and has incurred attorneys' fees and costs in bringing this action. Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

31. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 30 above.

32. Plaintiff is entitled to compensation for each of the overtime hours worked during the three-year statutory period preceding the filing of this Complaint in workweeks in which she was employed by Defendant as an Assistant General Manager, and as an Acting General Manager.

33. Defendant knowingly and willfuly failed to pay Plaintiff time and one-half her regular rate of pay for the overtime hours she worked as an Assistant General Manager at Defendant's Eugene restaurant, and as an Acting General Manager at Defendant's Springfield restaurant.

34. By reason of said intentional, willful, and unlawful acts of Defendant, Plaintiff seeks unpaid overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

35. Because Defendant's violation of the FLSA has been willful, a three-year statute of limitations applies pursuant to 29 U.S.C. §255.

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

36. Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 35 above.

37. Defendant willfully failed to pay Plaintiff all wages when due, whether during employment or upon termination thereby violating ORS 652.150 and/or ORS 652.140 and giving rise to penalty under ORS 652.150.

38.  Defendant willfully failed to pay Plaintiff all overtime when due, whether during employment or upon termination thereby violating ORS 652.150 and/or ORS 652.140 and giving rise to penalty under ORS 652.150.

39.  The wages earned but not paid were overtime wages resulting from Defendant's misclassification of Plaintiff's Assistant General Manager position as exempt from overtime, and the misclassification of Plaintiff's Acting General Manager position as exempt from overtime.

40.  Alternatively, Defendant failed to pay Plaintiff her agreed upon wages as General Manager of the Springfield location for the approximate one-year period Plaintiff worked as an Acting General Manager, instead continuing to employ her on the terms and conditions of an Assistant General Manager, and owes Plaintiff the additional wages she should have been paid during that one-year period had she been paid as a General Manager.

41.  Plaintiff has been damaged by Defendant's violation of Oregon Wage and Hour Laws and is entitled to penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief against Defendant:

1. On the First Claim for Relief, award Plaintiff her actual damages for unpaid overtime wages in amounts to be determined by the jury, plus an equal amount as liquidated damages for Defendant's willful failure to pay overtime wages.

2. On the Second Claim for Relief, award Plaintiff her unpaid wages and penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. Award Plaintiff her reasonable attorney fees and costs;

4. Award Plaintiff pre-judgment and post-judgment interest; and

5. Award Plaintiff any and all such other legal and equitable relief as this Court deems just and proper.

DATED July 8, 2022.

                                                Respectfully submitted,

                                                __/s Alan J. Leiman_____
                                                Alan J. Leiman
                                                E-mail: alan@leimanlaw.com
                                                Oregon State Bar No.:  980746
                                                Leiman Law, P.C.
                                                PO Box 5383
                                                Eugene, OR  97405
                                                Telephone: (541) 345-2376
                                                Attorney for Plaintiff